DeAnne Casperson, Esq. (ISB No. 6698)
dcasperson@workandwage.com
Amanda E. Ulrich, Esq. (ISB No. 7986)
aulrich@workandwage.com
Ryan S. Dustin, Esq. (ISB No. 8683)
rdustin@workandwage.com
CASPERSON ULRICH DUSTIN PLLC
356 W. Sunnyside Rd., Suite B
Idaho Falls, ID 83402
Telephone: (208) 524-0566
Facsimile: (208) 745-2523

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
IN THE DISTRICT OF IDAHO

| | |
|---|---|
| L'BRITNEY MOORE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BATTELLE ENERGY ALLIANCE, LLC,<br><br>　　　　　Defendant. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Filing Fee: $402.00 |

Plaintiff, L'Britney Moore ("Moore"), by and through her counsel of record, Casperson Ulrich Dustin PLLC, and as a cause of action against Defendant Battelle Energy Alliance, LLC, complains and alleges as follows:

**JURISDICTION AND VENUE**

1.　　This is an action brought under the laws of the United States, specifically Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.;* the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*; 42 U.S.C. § 1981; and for violations of the law of the State of Idaho.

2.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343; 42 U.S.C. § 12117; and 29 U.S.C. § 2617.

3.     This court has pendent jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367 because there is a common nucleus of operative facts as to Plaintiff's federal and state claims.

4.     Venue in this action properly lies in the United States District Court for the District of Idaho, Eastern Division, pursuant to 28 U.S.C. § 1391(b) because the claims arose in this judicial district; and venue also properly lies in this district pursuant to 42 U.S.C. § 12117 and 29 U.S.C. § 2617 because the unlawful employment practices were committed in this judicial district.

## PARTIES

5.     Moore is a female citizen and resident of the United States, who is, and was at all times relevant to the Complaint, a resident of Bonneville County, Idaho.

6.     Defendant Battelle Energy Alliance, LLC ("BEA") is a Delaware limited liability company with its principal place of business in Idaho Falls, Idaho at the Idaho National Laboratory.

7.     At all times relevant to this Complaint, BEA regularly employed fifteen or more persons whose services were performed in a public school in the State of Idaho and was engaged in an industry affecting commerce. Consequently, BEA's conduct is properly regulated by 42 U.S.C. § 12101, *et seq.* and 29 U.S.C. § 2601, *et seq*.

## FACTS COMMON TO ALL COUNTS

8.     Moore realleges paragraphs 1 through 7 as if fully incorporated herein.

9.     Moore began working for BEA in June 2018 as a lead benefits specialist.

10. Moore has an undergraduate degree in criminal justice, and a master's degree in Business Administration/Human Resources Management.

11. Moore was the only Black woman in the department and was hired by James Dace, the Benefits and Compensation Manager.

12. In or about the fall of 2018, Mr. Dace was fired. Toni Vandel took over as Plaintiff's supervisor and BEA hired a new Benefits and Compensation Manager, Brodie Smith, in approximately May 2019.

13. Moore's performance was excellent. She received a promotion in or about September 2019. She also received favorable performance reviews and merit increases during her employment, including one in late December 2019.

14. In or about the summer of 2019, Moore had to take a short period of leave to deal with symptoms and treatment of medical issues. Moore's prior supervisor, Toni Vandel, was good to work with as Moore needed accommodations for her medical issues.

15. In approximately mid-January 2020, Moore announced that she was pregnant.

16. Moore began experiencing extreme morning sickness and the pregnancy was exacerbating her existing disabilities.

17. On or about February 5, 2020, Moore requested a reasonable accommodation to work from home due to her pregnancy and disabilities.

18. Moore submitted documentation from her doctor to support the request for accommodation.

19. Moore presented the request for accommodation both verbally and in writing. Mr. Smith denied the accommodation without any further discussion.

20. Moore elevated her concern to HR and the reasonable accommodation was again denied.

21. Moore was aware of White employees, including other White women who were pregnant, who were allowed to work from home as an accommodation some of whom were allowed to do so without providing any medical documentation.

22. However, Mr. Smith and HR insisted that Moore provide medical documentation, and even after doing so, her request was denied. Both Mr. Smith and HR had very little discussion about why Moore's request for accommodation was denied other than to say her job could not be done remotely.

23. In addition, Moore was aware of several men who had disabilities or other issues who were allowed to work from home.

24. In or around mid-February, 2020, Moore raised concerns that she was being discriminated against due to her being a Black pregnant woman with disabilities to Mr. Smith, Cynthia Hernandez (business partner), Brandon Fowler (employee relations manager), Mark Peters (laboratory director), Mark Holubar (human resources director), and Brenda Meiers (accommodations specialist). Her concerns about discrimination were not resolved.

25. BEA informed Moore that she could go on paid/unpaid leave for the remainder of her pregnancy. This leave was retroactively dated to February 7, 2020. Moore understood it would only be paid if short-term disability covered it, which it did not.

26. Moore agreed to take the leave without pay in an email on or about February 19, 2020, because she felt as though she had no choice even though she could do her work from home.

27. In or about March 20, 2020, BEA sent an email to Moore's work email address while she was out on unpaid leave. Moore did not receive a phone call, letter, or email to her personal account even though BEA knew she was our on unpaid leave. The email

       requested that Moore start work effective on March 23, 2020, from home, which BEA would now approve because of COVID19.

28. However, based upon BEA's prior decision to require Moore to take paid/unpaid leave instead of accommodating her request, and because Moore had two other children and was struggling with her pregnancy and disabilities, Moore had already made plans to temporarily live with family in Texas so she could have assistance until after the baby was born. Moore intended to return to work after her maternity leave. Moore asked why she could no longer be on unpaid leave and was told it was no longer allowed without explanation.

29. After Moore started back to work, which was now allowed to be done remotely with very little notice, she was harassed and micro-managed by Mr. Smith. Moore had to provide a weekly report detailing every job duty that she completed or was completing.

30. Mr. Smith also asked Moore to train other colleagues on her job duties and update them on all of the processes, desk guides, and handbooks. Moore found this request suspicious based on Mr. Smith's actions to fire other employees with disabilities, but did as requested.

31. On or about Friday April 17, 2020, Moore received an email from BEA informing her that she was under investigation for timecard fraud.

32. Moore was investigated for timecard fraud only after reporting discrimination. No one else in her department was investigated.

33. Moore did her best to explain what she did on the days in questions, but since some of them were very old, it was very difficult to do.

34. On or about April 23, 2020, BEA terminated Moore's employment.

35. On or about July 15, 2020, Moore dually filed a Charge of Discrimination with the Idaho Human Rights Commission and the Equal Employment Opportunity Commission.

36. On or about March 5, 2021, Moore received her Notice of Right to Sue.

37. Moore has exhausted her administrative remedies.

<div style="text-align:center">

**COUNT ONE**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT/**
**IDAHO HUMAN RIGHTS ACT**
**(Pregnancy Discrimination)**

</div>

38. Moore realleges and incorporates by reference paragraphs 1 through 37 as though fully set forth herein.

39. Moore sought workplace accommodations due to her pregnancy and medical conditions associated with her pregnancy, including working from home.

40. BEA denied Moore's request for accommodations and forced Moore to take unpaid medical leave.

41. BEA then withdrew its requirement that Moore take medical leave and required Moore to work from home.

42. BEA took adverse employment action against Moore by, among other things, refusing her accommodations, withdrawing her approved leave, investigating her, and then terminating her.

43. BEA knew of Moore's pregnancy when it took these adverse actions against her.

44. Moore's pregnancy was a motivating factor in BEA's decisions to take adverse actions against her.

45. BEA treated other similarly-situated employees who were not pregnant more favorably than Moore.

46. BEA's conduct violated Title VII of the Civil Rights Act as amended by the Pregnancy Discrimination Act and the Idaho Human Rights Act.

47. As a direct and proximate result of BEA's actions and/or failures to act, Moore has suffered and will continue to suffer loss of earnings and other employment benefits and job-related opportunities. As a further direct and proximate result of BEA's actions and/or failure to act, Moore has suffered and will continue to suffer emotional distress. Moore is entitled to general and compensatory damages in an amount to be proven at trial, as well as any equitable relief available to her.

48. BEA's conduct was malicious and done with reckless indifference to Moore's federally protected rights. Consequently, Moore is entitled to punitive damages under 42 U.S.C. § 1981a.

**COUNT TWO**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT/**
**IDAHO HUMAN RIGHTS ACT**
**(Race Discrimination)**

49. Moore realleges and incorporates by reference paragraphs 1 through 48 as though fully set forth herein.

50. Moore is Black, and therefore belongs to a protected class under Title VII and the Idaho Human Rights Act, based upon race.

51. Moore was performing her job according to BEA's legitimate expectations.

52. BEA took adverse employment action against Moore by, among other things, investigating her and terminating her employment.

53. Moore's race was a motivating factor in BEA's decision to investigate and terminate her.

54. As a direct and proximate result of BEA's actions and/or failures to act, Moore has suffered and will continue to suffer loss of earnings and other employment benefits and

job-related opportunities. As a further direct and proximate result of BEA's actions and/or failure to act, Moore has suffered and will continue to suffer emotional distress. Moore is entitled to general and compensatory damages in an amount to be proven at trial, as well as any equitable relief available to her.

55. BEA's conduct was malicious and done with reckless indifference to Moore's federally protected rights. Consequently, Moore is entitled to punitive damages under 42 U.S.C. § 1981a.

## COUNT THREE
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT/ IDAHO HUMAN RIGHTS ACT
**(Intersectional Discrimination—Race Plus Pregnancy)**

56. Moore realleges and incorporates by reference paragraphs 1 through 55 above, as though fully set forth herein.

57. BEA discriminated against Moore by treating her differently than White women who were pregnant.

58. Moore's race plus her status of being pregnant was a motivating factor in BEA's decision to investigate her for alleged timecard fraud for dates difficult to detail her work and to terminate her employment.

59. As a direct and proximate result of BEA's actions and/or failures to act, Moore has suffered and will continue to suffer loss of earnings and other employment benefits and job-related opportunities. As a further direct and proximate result of BEA's actions and/or failure to act, Moore has suffered and will continue to suffer emotional distress. Moore is entitled to general and compensatory damages in an amount to be proven at trial, as well as any equitable relief available to her.

60. BEA's conduct was malicious and done with reckless indifference to Moore's federally protected rights. Consequently, Moore is entitled to punitive damages under 42 U.S.C. § 1981a.

## COUNT FOUR
## VIOLATION OF 42 U.S.C. § 1981

61. Moore realleges and incorporates by reference paragraphs 1 through 60 above, as though fully set forth herein.

62. BEA discriminated against Moore by investigating Moore and by terminating her employment because of her race.

63. BEA's discrimination against Moore is in violation of Moore's rights afforded to her by the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

64. BEA intentionally deprived Moore of the same rights enjoyed by Caucasian employees of the creation, performance, enjoyment, and all benefits and privileges, of his contractual relationship with BEA, in violation of 42 U.S.C. § 1981.

65. As a direct and proximate result of BEA's actions and/or failure to act, Moore has suffered and will continue to suffer emotional distress consisting of outrage, shock and humiliation based upon the racial discrimination she experienced. Further, as a direct and proximate result of BEA's actions and/or failure to act, Moore has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

66. Moore is entitled to general and compensatory damages in an amount to be proven at trial, as well as any other equitable remedies available to her.


67. BEA's conduct was malicious and done with reckless indifference to Moore's federally protected rights. Consequently, Moore is entitled to punitive damages pursuant to 42 U.S.C. § 1981a.

## COUNT FIVE
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT/IDAHO HUMAN RIGHTS ACT
(Failure to Accommodate/Disability Discrimination)

68. Moore realleges and incorporates by reference paragraphs 1 through 67 as though fully set forth herein.

69. Moore has a disability within the meaning of the ADA and Idaho Human Rights Act in that she has an impairment that impacts her neurological system and had an impairment that impacted her digestive system.

70. Moore's disability substantially limited his major life activities and/or major bodily functions, including her ability to concentrate, think, work, sleep, and eat.

71. Moore's disabilities necessitated the accommodation of medical leave and a modified schedule, including working from home.

72. Moore was a qualified individual able to perform the essential functions of her job with or without reasonable accommodations.

73. BEA failed to accommodate Moore by first refusing to allow her to work from home and requiring her to take paid/unpaid medical leave, then changing course and informing her she was required to work from home despite her drastically modifying her living situation to deal with her forced medical leave.

74. BEA failed to engage in the interactive process or offer any explanation as to why it could not accommodate Moore.

75. BEA also discriminated against Moore by terminating her employment.

76. BEA took adverse action against Moore by investigating her and then terminating her employment because of Moore need for and request for accommodations and/or because of Moore's disabilities.

77. As a direct and proximate result of BEA's actions and/or failures to act, Moore has suffered and will continue to suffer loss of earnings and other employment benefits and job-related opportunities. As a further direct and proximate result of BEA's actions and/or failure to act, Moore has suffered and will continue to suffer emotional distress. Moore is entitled to general and compensatory damages in an amount to be proven at trial, as well as any equitable relief available to her.

78. BEA's conduct was malicious and done with reckless indifference to Moore's federally protected rights. Consequently, Moore is entitled to punitive damages pursuant to 42 U.S.C. § 1981a.

## COUNT SIX
## VIOLATION OF TITLE VII/IDAHO HUMAN RIGHTS ACT
**(Retaliation)**

79. Moore realleges and incorporates by reference paragraphs 1 through 78 as though fully set forth herein.

80. Moore engaged in protected activity by objecting to discriminatory treatment and asserting her rights under Title VII/IHRA.

81. As a result of Moore engaging in protected activity, BEA took adverse action against Moore, including investigating Moore and terminating her employment.

82. As a direct and proximate result of BEA's actions and/or failure to act, Moore has suffered, and will continue to suffer, a loss of earning, employment benefits, and job opportunities. Moore is therefore entitled to damages in an amount to be proven at trial, as well as any equitable remedies available to her.

## COUNT SEVEN
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT/ IDAHO HUMAN RIGHTS ACT
### (Retaliation)

83. Moore realleges and incorporates by reference paragraphs 1 through 82 as though fully set forth herein.

84. Moore engaged in protected activity by objecting to discriminatory treatment and asserting her rights under the ADA/IHRA.

85. As a result of Moore engaging in protected activity, BEA took adverse action against Moore, including investigating Moore and terminating her employment.

86. As a direct and proximate result of BEA's actions and/or failure to act, Moore has suffered, and will continue to suffer, a loss of earning, employment benefits, and job opportunities. Moore is therefore entitled to damages in an amount to be proven at trial, as well as any equitable remedies available to her.

## COUNT EIGHT
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
### (Retaliation and Interference)

87. Moore realleges and incorporates by reference paragraphs 1 through 86 as though fully set forth herein.

88. Moore availed herself of a protected right under the FMLA by qualifying for and taking FMLA leave.

89. BEA terminated Moore's employment as a result of Moore taking and requesting FMLA leave.

90. BEA interfered with Moore's rights under the FMLA by terminating her employment.

91. BEA's termination of Moore's employment occurred under circumstances raising a reasonable interference or showing direct evidence that BEA terminated Moore's employment due to her exercise of FMLA rights or to interfere with her FMLA rights.

92. As a direct and proximate result of BEA's actions and/or failures to act, Moore has suffered, and will continue to suffer, a loss of earnings, employment benefits, and job opportunities.  Moore is therefore entitled to damages in an amount to be proven at trial, as wells as any equitable remedies available to her, including reinstatement.

93. BEA's actions and/or failure to act were in bad faith for which Moore is entitled to liquidated damages pursuant to 29 U.S.C. § 2617(a)(1).

## ATTORNEY'S FEES

94. As a further direct and proximate result of BEA's actions and/or failure to act, Moore has been compelled to retain the services of counsel, and has incurred and will continue to incur costs and attorney's fees. Moore is therefore entitled to attorney's fees and costs incurred in pursuing this action pursuant to 29 U.S.C. § 2617(a)(3), 42 U.S.C. § 2000e-5(k); 42 U.S.C. § 12205; 42 U.S.C. § 1988, and Idaho Code § 12-120(3), and the Idaho Rules of Civil Procedure. Moore is entitled to an award of her attorney's fees and costs in this matter at an amount to be determined upon judgment.

## DEMAND FOR JURY TRIAL

Moore demands trial by jury as to all issues triable to a jury in this action.

## PRAYER FOR RELIEF

Moore seeks the judgment of the Court against BEA as follows:

1. For general and compensatory damages, and all other statutorily available damages, in an amount to be proven at trial;

2. For liquidated damages;

3. For any equitable remedies available to her;

4. For statutorily available costs and attorney's fees;

5. For prejudgment interest on all amounts claimed; and

6. For such other and further relief as the Court deems just and proper.

DATED this 26th day of May, 2021.

                                                                         /s/
                                                            DeAnne Casperson, Esq.
                                                            CASPERSON ULRICH DUSTIN PLLC