## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **L'BRITNEY MOORE,** | |
| **Plaintiff,** | |
| v. | **Case No. 4:21-cv-00230-CRK** |
| **BATTELLE ENERGY ALLIANCE, LLC,** | **MEMORANDUM DECISION AND ORDER RE: MOTION FOR PROTECTIVE ORDER** |
| **Defendant.** | |

### INTRODUCTION

This case concerns an employment dispute over alleged discrimination on the basis of race and pregnancy, failure to accommodate disabilities and pregnancy, and retaliation in violation of federal and state law. Before the Court is Battelle Energy Alliance, LLC's motion for a protective order and an order permitting discovery under the Federal Privacy Act of 1974, 5 U.S.C. § 552a (2018). [Battelle's] Mot. Prot. Order, Dec. 19, 2022, ECF No. 20 ("Battelle Mot."), and accompanying Mem. Supp. [Battelle Mot.], Dec. 19, 2022, ECF No. 20-1 ("Battelle Br."); see also Reply Mem. Supp. [Battelle Mot.], Jan. 23, 2023, ECF No. 23 ("Battelle Reply"). Battelle argues the Privacy Act applies to prevent Battelle from producing records responsive to Plaintiff L'Britney Moore's discovery requests without a court order.[1] Battelle Br. at 7. Moore

---

[1] Regarding government contractors, the Privacy Act provides:

> When an agency provides by a contract for the operation by or on behalf of the agency of a system of records to accomplish an agency function,

**MEMORANDUM DECISION AND ORDER - 1**

4:21-cv-00230-CRK

initially proposed redacting the requested information and does not object to the need

for a protective order governing certain information.  [Moore's Resp.] at 1–2, Jan. 9,

2023, ECF No. 21 ("Moore Br.").  However, the parties could not agree on the terms

of a protective order.  See Draft Order, Dec. 19, 2022, ECF No. 20-1 (at pp. 12–20)

("Battelle Draft Order"); Draft Order, Jan. 9, 2023, ECF No. 21-1 ("Moore Draft

Order").  Battelle proposes limiting certain information to "Attorney Eyes Only,"

identifying its non-party employees using numbers instead of names, and redacting

the names of its non-party employees on any documents produced and replacing them

with numbers.[2]  Battelle Draft Order ¶¶ 2, 6, 16.  Moore argues for a less restrictive

protective order.  Moore Br. at 4–7.  For the following reasons, the Court grants

---

the agency shall, consistent with its authority, cause the requirements
of this section to be applied to such system. For purposes of subsection
(i) of this section any such contractor and any employee of such
contractor, if such contract is agreed to on or after the effective date of
this section, shall be considered to be an employee of an agency.

5 U.S.C. § 552a(m)(1).  Because Battelle's contract with the U.S. Department of
Energy is not on the record, it is not clear to what extent the Act applies to Battelle.
Contra Battelle Br. at 7 (asserting that its contract with the Department of Energy
requires that the Act applies to Battelle's record system).  However, the parties do
not dispute that the Act applies in some manner.  See id. at 1–2, 7; Moore Br. at 1–2,
4–7.  Therefore, to the extent that the Act applies, the Court will issue an order in
accordance with the Act.
[2] In its moving brief, Battelle seems to suggest it is not bound to produce documents
unless the Court issues an order determining that requested information is relevant
and that the need for discovery is not outweighed by the potential injury to the
privacy interests of nonparties.  See Battelle Br. at 2.  Indeed, Battelle's proposed
order provides for the production of information only where the parties do not dispute
its discoverability or the Court has ordered production.  See Battelle Draft Order ¶ 9.
Nonetheless, Battelle states in its reply that it does "not seek to modify the standard
of discovery beyond that required by Rule 26 regarding relevance and
proportionality."  Battelle Reply at 2.

**MEMORANDUM DECISION AND ORDER – 2**

4:21-cv-00230-CRK

Battelle's motion and will issue a separate order consistent with this opinion that also fulfills the requirements of the Privacy Act.

## BACKGROUND

Battelle is a Delaware limited liability company with fifteen or more employees with its principal place of business in Idaho Falls, Idaho.  Compl. ¶¶ 6–7; see Answer ¶¶ 6–7.  Moore worked for Battelle as a lead benefits specialist beginning in June 2018.  Compl. ¶ 9; Answer ¶ 9.  Moore is a Black woman and was the only Black woman in her department.  Compl. ¶ 11; Answer ¶ 11.  In mid-January 2020, Moore informed Battelle she was pregnant.  Compl. ¶ 15; Answer ¶ 15.  As a result of existing disabilities and her pregnancy, Moore alleges she began to experience medical issues requiring accommodations.  Compl. ¶¶ 14–19; see Answer ¶¶ 14–19.

Moore alleges that she repeatedly requested accommodations for her medical issues, which Battelle denied.  Compl. ¶¶ 18–22; see Answer ¶¶ 18–22.  Moore alleges Battelle treated her differently from White employees, including other pregnant women.  Compl. ¶¶ 21–23; see Answer ¶¶ 21–23.  Moore alleges she first raised her discrimination concerns with Battelle managers in mid-February 2020, which they failed to resolve.  Compl. ¶ 24; see Answer ¶ 24.  Instead of allowing Moore to work remotely as she requested, she alleges Battelle only permitted her to take leave without pay to accommodate her medical issues during her pregnancy.  Compl. ¶¶ 25–26; see Answer ¶¶ 25–26.  Moore alleges Battelle later informed her on or about March 20, 2020 that Battelle authorized her to work remotely, but only because of the COVID-19 pandemic.  Compl. ¶ 27; see Answer ¶ 27.  After she began to work

**MEMORANDUM DECISION AND ORDER - 3**

4:21-cv-00230-CRK

remotely, Moore alleges her supervisor began to micromanage her work and requested she train several coworkers on her job and its processes.  Compl. ¶¶ 29–30; see Answer ¶¶ 29–30.  Battelle informed Moore on or about April 17, 2020 that Battelle was investigating her for timecard fraud.  Compl. ¶¶ 31–33; Answer ¶¶ 31–33.  On or about April 23, 2020, Battelle terminated Moore's employment.  Compl. ¶ 34; Answer ¶ 34.

On or about July 15, 2020, Moore petitioned the Idaho Human Rights Commission and the Equal Employment Opportunity Commission, which, on or about March 5, 2021, provided her notice of her right to sue Battelle.  Compl. ¶¶ 35–36; Answer ¶¶ 35–36.  Moore filed her complaint in this Court on May 26, 2021.  See Compl. at 14.  Moore alleges that, by taking adverse employment action against her, including refusing her accommodations, withdrawing her approved leave, investigating her, and then terminating her employment while aware of her pregnancy, Battelle violated Title VII of the Civil Rights Act and the Idaho Human Rights Act.  Compl. ¶¶ 38–48; see Answer ¶¶ 38–48.  Additionally, Moore alleges that, by discriminating against her based on her race and pregnancy, Battelle also violated Title VII of the Civil Rights Act, the Idaho Human Rights Act, and 42 U.S.C. § 1981.  Compl. ¶¶ 49–67; see Answer ¶¶ 49–67.  Further, Moore alleges that, by failing to accommodate her disability, Battelle violated the Americans with Disabilities Act and the Idaho Human Rights Act.  Compl. ¶¶ 68–78; see Answer ¶¶ 68–78.  Finally, Moore alleges that, by taking adverse action against her when she objected to her treatment and asserted her rights, Battelle retaliated against her in violation of Title VII of the

**MEMORANDUM DECISION AND ORDER - 4**

4:21-cv-00230-CRK

Civil Rights Act, the Idaho Human Rights Act, the Americans with Disabilities Act, and the Family Medical Leave Act.  Compl. ¶¶ 79–93; <u>see</u> Answer ¶¶ 79–93.

The parties, during a teleconference with the Court, raised a discovery dispute. <u>See</u> Minute Entry, Nov. 14, 2022, ECF No. 15.  Battelle argued that, as a contractor for the U.S. Department of Energy, the Privacy Act prevents Battelle from disclosing its personnel records in discovery.  Battelle Br. at 7 (restating its position from the teleconference).  The parties attempted to stipulate to a protective order but were unable to agree.  <u>Id.</u> at 6.  Battelle therefore indicated it would file a motion.  Minute Entry Order, Dec. 1, 2022, ECF No. 19.

Battelle filed its motion for a protective order on December 19, 2022, attaching a protective order draft.  <u>See</u> Battelle Mot.; Battelle Br.; Battelle Draft Order.  Moore responded on January 9, 2023, proposing her own protective order draft.  <u>See</u> Moore Br.; Moore Draft Order.  Battelle submitted its reply in support of its motion on January 23, 2023.  <u>See</u> Battelle Reply.

## JURISDICTION

Pursuant to 28 U.S.C. § 1331, the Court has jurisdiction over Moore's claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.; the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq.; and 42 U.S.C. § 1981.  The Court has supplemental jurisdiction over Moore's state claims pursuant to 28 U.S.C. § 1367.

4:21-cv-00230-CRK

## DISCUSSION

The parties seek an order to comply with the terms of the Privacy Act as well as provide for the production of records containing personally identifiable information, or otherwise sensitive information.  Battelle seeks an order protecting personally identifiable information, trade secrets, classified information, unclassified controlled information,[3] and other commercially sensitive information from public disclosure.  Battelle Br. at 7–9.  Moore does not dispute the need for a protective order but argues that Battelle's requested order is unnecessarily restrictive.  Moore Br. at 1, 4–7.  For the following reasons, the Court grants Battelle's motion and will issue a separate order providing an exception to the Privacy Act and otherwise protecting personally identifiable information, trade secrets, classified information, unclassified controlled information, and other commercially sensitive information consistent with this opinion.

## I.    Protective Order

Parties may obtain discovery of any nonprivileged matter relevant to a claim or defense and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  Parties serve discovery requests and responses on other parties without filing them with the court.  Fed. R. Civ. P. 5(d)(1); Dist. Idaho Loc. Civ. R. 5.4.  However, a requesting party may move to compel a responding party if it refuses to respond, and the court may compel discovery and require the responding party to pay the reasonable expenses of the requesting party.  Fed. R. Civ. P. 37(a)(1), (5).  Conversely, a court

---

[3] According to Battelle, unclassified controlled information includes, "but [is] not limited to, Official Use Only ('OUO') information."  Battelle Br. at 7.

**MEMORANDUM DECISION AND ORDER - 6**

4:21-cv-00230-CRK

may issue an order protecting a responding party from annoyance, embarrassment, oppression, or undue burden or expense if a party shows good cause.[4]  Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002); Fed. R. Civ. P. 26(c)(1).  Further, a court may issue a protective order restricting the public release of information produced in discovery if a party shows good cause.  Phillips, 307 F.3d at 1210.

There are at least three types of protective orders.  A particular protective order covers individual pieces of information, requiring the court to review specific, identified information and determine whether there is good cause to order the

---

[4] Rule 26(c) provides for a variety of orders to protect parties and nonparties.  See Fed. R. Civ. P. 26(c).  Rule 26(c) provides the trial court broad discretion to determine when there is a need for a protective order and what level of protection is necessary. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984) (the "trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery").  Specifically, Rule 26(c) provides eight methods for protecting a party or a person from discovery—those orders:

> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (E) designating the persons who may be present while the discovery is conducted;
> (F) requiring that a deposition be sealed and opened only on court order;
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c)(1).

**MEMORANDUM DECISION AND ORDER - 7**

4:21-cv-00230-CRK

protection of that information.   Gillard v. Boulder Valley School Dist. Re.-2, 196 F.R.D. 382, 385 (D. Colo. 2000).   An umbrella protective order covers all discovery without any prior review by the court or parties.   Bayer AG and Miles, Inc. v. Barr Lab'ys, Inc., 162 F.R.D. 456, 465 (S.D.N.Y. 1995).   Blanket protective orders cover information a party believes, in good faith, is confidential or otherwise subject to protection.   Gillard, 196 F.R.D. at 386.   If the parties cannot agree as to the confidentiality of certain information a party designates under a blanket protective order, the court then reviews the party's designation of the information.   Id.

Although parties often stipulate to blanket protective orders, a court may grant such an order even absent agreement among the parties.   To justify a blanket protective order, a party must demonstrate good cause that information to be produced in discovery is confidential or warrants protection.   See Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc., 121 F.R.D. 264, 268 (M.D.N.C. 1988) (declining to impose sanctions on a party that used discovery information in other litigation because the producing party failed to demonstrate good cause for that portion of the protective order).   Where a party seeks a blanket protective order, it may demonstrate good cause generally, instead of good cause for individual documents.   See id.

Blanket protective orders protect categories of documents and can permit a party to designate information as confidential for protection under the order.   See Gillard, 196 F.R.D. at 387–88.   Courts routinely approve blanket protective orders in civil cases to ensure the just and efficient resolution of proceedings.   Henry v. Ocwen

**MEMORANDUM DECISION AND ORDER - 8**

4:21-cv-00230-CRK

<u>Loan Servicing, LLC</u>, No. 17-cv-688, 2018 WL 1638255, at *2 (S.D. Cal. Apr. 5, 2018). The use of blanket protective orders conserves court and party resources by removing the need for a party to move for a protective order every time it produces allegedly confidential documents.  <u>See</u> <u>Foltz v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1131 (9th Cir. 2003) (describing document review as burdensome and reasoning that it was understandable for the district court to issue a blanket protective order for confidential documents).

When a court issues a blanket protective order, the protection provided will apply to particular information or categories of information designated as confidential.  <u>See</u> <u>Parkway Gallery Furniture</u>, 121 F.R.D. at 268.  A party may only designate information confidential in good faith.  <u>Id.</u>  The opposing party may contest that designation once it receives the information.  <u>Id.</u>  The party asserting confidentiality then has the burden to demonstrate the information warrants protection.  <u>Id.</u>

Courts may protect nonparty personal information, including personally identifiable information and health information, using either particular or blanket protective orders.  Protecting the privacy of nonparties is particularly important because disclosure of sensitive and potentially embarrassing information would cause serious injury to the nonparty, whose conduct is not at issue in the case.  <u>See</u> <u>Davis v. Elwyn, Inc.</u>, No. 20-CV-05798, 2021 WL 4902333, at *8 (E.D. Pa. Oct. 20, 2021) (holding that public release of nonparty medical information would permit the public to identify them and their mental illnesses and treatment); <u>Yith v. Nielsen</u>, No. 14-

**MEMORANDUM DECISION AND ORDER - 9**

4:21-cv-00230-CRK

cv-01875, 2019 WL 2567290, at *7 (E.D. Cal. June 21, 2019) ("the public release of personal identifying information . . . of individuals who are completely unrelated to this case, would harm those individuals").  Therefore, courts treat as confidential those nonpublic documents relating to nonparties, including personal information, personnel records, employment history, medical information, and other information implicating their privacy interests.  See Whalen v. Roe, 429 U.S. 589, 599–600 (1977) (patients have a privacy interest in maintaining confidentiality of their medical treatment); Barrington v. United Airlines, Inc., 339 F.R.D. 644, 647 (D. Colo. 2021) (issuing a protective order to designate as confidential "personal, personnel, employment, private, medical, or other information" of any party or nonparty); Yith, 2019 WL 2567290, at *7–*9 (ruling that the social security numbers, dates of birth, places of birth, alien numbers, passport numbers, phone numbers, and tax information of nonparties should be kept confidential).

To protect sensitive business information such as trade secrets, a court can craft a protective order providing for a higher level of protection.  For example, courts may rely on an Attorney Eyes Only category so that individuals other than the parties' attorneys are not permitted to view confidential trade secret information.  See Cacique Inc. v. Robert Reiser and Co., Inc., 169 F.3d 619, 622 (9th Cir. 1999).  An Attorney Eyes Only category can be appropriate for sensitive information beyond trade secrets, such as research, development, financial, or other commercial information.  See, e.g., Henry, 2018 WL 1638255, at *5 (including Attorney Eye Only protections where plaintiff requested defendant produce non-public loan servicing

MEMORANDUM DECISION AND ORDER - 10

4:21-cv-00230-CRK

notes that could implicate financial security if released publicly); but see Yith, 2019 WL 2567290, at *9 (declining to treat personally identifiable information as Attorney Eyes Only).  A court can tailor a protective order containing Attorney Eyes Only in a manner that balances protection of Attorney Eyes Only material with necessary discovery.  See, e.g., TD Pro. Servs. v. Truyo Inc., No. CV-22-00018, 2022 WL 3098985, at *1 (D. Ariz. Aug. 4, 2022) (imposing a protective order allowing for a document containing both non-Attorney Eyes Only material and Attorney Eyes Only material to be designated as containing Attorney Eyes Only material).

Here, Battelle seeks protection of

(1) trade secret, classified or unclassified controlled information (including, but not limited to, Official Use Only ("OUO") information), or other confidential research, development, or financial information that is commercially sensitive, or that otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c); and (2) personal information that is protected from disclosure by statute, regulation, or otherwise entitled to protection from public disclosure.

Battelle Br. at 7.  The Court concludes that, given the parties' showing of good cause based on the possible production of personal information, trade secrets, classified information, unclassified controlled information, and other commercially sensitive information, a blanket protective order should issue identifying two categories of documents:  Confidential and Attorney Eyes Only.

Some of the information at issue in this motion warrants protection by marking and handling as Confidential.  By marking information Confidential, the parties must prevent the disclosure of this information to unauthorized persons.  See Barrington, 339 F.R.D. at 647.  The parties must also refrain from using Confidential information

**MEMORANDUM DECISION AND ORDER - 11**

4:21-cv-00230-CRK

for purposes other than this case.  <u>See</u> <u>id.</u>  A Confidential category is justified because Moore requested from Battelle records containing the pregnancy status, medical conditions, disabilities, investigations, discipline, race, and gender of its nonparty employees.  <u>See</u> Battelle Br. at 4–5.  Because employment and medical records often contain private information, it is reasonable to expect that Battelle's nonparty employees could be harmed if these records were to be released.  Therefore, there is good cause to protect this information from public disclosure.  To avoid possible harm, any produced employment or medical records shall be marked Confidential.

In addition to providing for the confidentiality of certain information, Battelle requests that: "a. The names of similarly situated employees shall be identified by a unique number; b. The names of similarly situated employees shall be redacted from any document produced."[5]  Battelle Draft Order ¶ 16.  Although a valid privacy concern exists over the disclosure of nonparty names, that concern does not outweigh the parties' right to obtain relevant discovery.  <u>See</u> Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…"); <u>Barrington</u>, 339 F.R.D. at 647 (protecting confidential information based on party and nonparty

---

[5] A party responding to a discovery request may redact information if the requesting party has indicated it will accept the specific record with redactions, either marked as Confidential or Attorney Eyes Only, or unmarked.

**MEMORANDUM DECISION AND ORDER - 12**

4:21-cv-00230-CRK

privacy rights).[6]  The parties may mark nonparty names Confidential and replace nonparty names with initials.[7]

Additionally, there is a need for certain material to be marked Attorney Eyes Only.  Battelle asserts that information it will produce could contain trade secrets, classified information, unclassified controlled information, or other commercially sensitive information.[8]  Battelle Br. at 7.  These categories of information warrant treatment as Attorney Eyes Only.  See, e.g., Henry, 2018 WL 1638255, at *5.  Therefore, the Court's protective order will include the Attorney Eyes Only category for use by the parties, subject to the requirement that parties will only mark information as Attorney Eyes Only if they have a good faith belief that the items are trade secrets, classified information, unclassified controlled information, or other commercially sensitive information.  See Parkway Gallery Furniture, 121 F.R.D. at 268; Yith, 2019 WL 2567290, at *7 (parties must only designate a record for protection in good faith).  If a party opposes marking a record as Confidential or Attorney Eyes Only, that party may object under the terms of the protective order.

---

[6] If the parties are unable to agree whether particular information should be produced unredacted, the parties may move for a particular protective order or an order to compel as appropriate.

[7] The parties may redact from produced records other personally identifiable information, including but not limited, to birth dates and social security numbers, and may replace names with initials.

[8] Battelle has not placed on the record its contract with the Department of Energy or any details about its work with that agency supporting its argument that production could contain trade secrets, classified information, unclassified controlled information, or other commercially sensitive information.  Moore argues that "[n]othing produced in this case should rise to the level of needing [an Attorney's Eyes Only] type of protection."  Moore Br. at 5.  It is at least possible that Battelle could produce responsive documents falling into one of those categories.

**MEMORANDUM DECISION AND ORDER - 13**

4:21-cv-00230-CRK

## II.   Privacy Act

The Privacy Act limits the public's access to certain information, not the scope

of discovery.   The Privacy Act, 5 U.S.C. § 552a, provides that "[n]o agency shall

disclose any record which is contained in a system of records by any means of

communication to any person, or to another agency, except pursuant to a written

request, or with the prior consent of, the individual to whom the record pertains."

5 U.S.C. § 552a(b).   The Privacy Act regulates disclosure of information by agencies

to the public; it does not create a privilege from disclosure in litigation.   See id.   The

Privacy Act is located in Title V of the U.S. Code, which concerns the organization of

government agencies and employees.   The Act restricts the agency from

disseminating information unless an exception applies, one of which is "pursuant to

the order of a court of competent jurisdiction."[9]   5 U.S.C. § 552a(b)(11); see Laxalt v.

---

[9] The Privacy Act permits disclosure in the following circumstances:

> (1) to those officers and employees of the agency which maintains the record who have a need for the record in the performance of their duties;
> (2) required under section 552 of this title;
> (3) for a routine use as defined in subsection (a)(7) of this section and described under subsection (e)(4)(D) of this section;
> (4) to the Bureau of the Census for purposes of planning or carrying out a census or survey or related activity pursuant to the provisions of title 13;
> (5) to a recipient who has provided the agency with advance adequate written assurance that the record will be used solely as a statistical research or reporting record, and the record is to be transferred in a form that is not individually identifiable;
> (6) to the National Archives and Records Administration as a record which has sufficient historical or other value to warrant its continued preservation by the United States Government, or for evaluation by the Archivist of the United States or the designee of the Archivist to determine whether the record has such value;

**MEMORANDUM DECISION AND ORDER - 14**

4:21-cv-00230-CRK

McClatchy, 809 F.2d 885, 889 (D.C. Cir. 1987); Weahkee v. Norton, 621 F.2d 1080, 1082 (10th Cir. 1980); Garraway v. Ciufo, No. 17-cv-00533, 2020 WL 1263562, *8 (E.D. Cal. Mar. 16, 2020) (holding that defendants' objections to discovery requests based on the Privacy Act and general nonparty privacy concerns were not justified). Regardless, the protective order the Court will issue satisfies the requirement of disclosure pursuant to the order of a court of competent jurisdiction. See 5 U.S.C. § 552a(b)(11).

## CONCLUSION

The Court will issue an order providing for protection of certain information consistent with this opinion and also allowing for the production of records under 5 U.S.C. § 552a(b)(11). For the foregoing reasons, it is

---

(7) to another agency or to an instrumentality of any governmental jurisdiction within or under the control of the United States for a civil or criminal law enforcement activity if the activity is authorized by law, and if the head of the agency or instrumentality has made a written request to the agency which maintains the record specifying the particular portion desired and the law enforcement activity for which the record is sought;

(8) to a person pursuant to a showing of compelling circumstances affecting the health or safety of an individual if upon such disclosure notification is transmitted to the last known address of such individual;

(9) to either House of Congress, or, to the extent of matter within its jurisdiction, any committee or subcommittee thereof, any joint committee of Congress or subcommittee of any such joint committee;

(10) to the Comptroller General, or any of his authorized representatives, in the course of the performance of the duties of the Government Accountability Office;

(11) pursuant to the order of a court of competent jurisdiction; or

(12) to a consumer reporting agency in accordance with section 3711(e) of title 31.

5 U.S.C. § 552a(b).

**MEMORANDUM DECISION AND ORDER - 15**

4:21-cv-00230-CRK

**ORDERED** that Battelle's motion for a protective order and an order under 5 U.S.C. § 552a(b)(11) is GRANTED.

/s/ Claire R. Kelly
Claire R. Kelly, Judge[*]

Dated:      February 3, 2023
            New York, New York

---

[*] Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.

**MEMORANDUM DECISION AND ORDER - 16**